# Vinson&Elkins

Clifford Thau  cthau@velaw.com
**Tel +**1.212.237.0012  **Fax +**1.917.849.5321

October 25, 2019

**Via ECF and Email (Failla_NYSDChambers@nysd.uscourts.gov)**

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:** *Bratusov v. ComScore, Inc. et al*, **19-cv-03210-KPF**

Dear Judge Failla:

Pursuant to your Honor's Individual Rule 4.A, Defendants ComScore, Inc., Bryan Wiener, and Gregory Fink seek leave to move to dismiss the Amended Complaint (the "Complaint") in the referenced matter. *See* Dkt. 27.  For the reasons below, the Complaint fails to state a claim under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*; Fed. R. Civ. P. 9(b); and Fed. R. Civ. P. 12(b)(6).  Plaintiff consents to the filing of the motion.

ComScore is a media measurement company that combines information about content advertising and consumption across platforms.  *See* Compl. ¶ 15.  Mr. Wiener is ComScore's former CEO, and Mr. Fink is ComScore's CFO.  *Id.* at ¶¶ 12-14.  Plaintiff purports to represent a class of shareholders who acquired ComScore stock between February 28, 2019, and August 7, 2019 (the "Class Period").  *See id.* at ¶ 1.  The Complaint makes vague and conclusory allegations that ComScore violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78a *et seq.*, by failing to  disclose a disagreement between management and the board over business strategy—thereby rendering certain forward looking statements concerning ComScore's strategy, revenue growth, and expectations false or misleading.  *Id.* at ¶¶ 34-48.

Despite having had the opportunity to amend his Complaint, Plaintiff's allegations fall far short of satisfying the PSLRA's "exacting requirements," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007), for at least the following reasons:

> 1.    **The Complaint Identifies No Material Misstatements or Omissions.**

The Complaint alleges that ComScore's purported failure to disclose a disagreement between Mr. Weiner and ComScore's board regarding whether to implement cost control measures rendered the

---

**Vinson** & Elkins LLP  **Attorneys at Law**                          666 Fifth Avenue, 26th Floor
Austin  Beijing  Dallas  Dubai  Hong Kong  Houston  London      New York, NY 10103-0040
New York  Richmond  Riyadh  San Francisco  Tokyo  Washington    **Tel** +1.212.237.0000  **Fax** +1.212.237.0100  **velaw.com**



following statements false or misleading:  (1) ComScore is "leveraging a stronger foundation to execute in 2019;" (2) ComScore's "strategy of becoming a trusted currency for planning, transacting and evaluating media cross platforms is working;" and (3) ComScore anticipates revenue growth and higher gross margins.  Compl. ¶¶ 35-37.

Disregarding the PSLRA's requirements, Plaintiff fails to allege *why* the mere fact of a disagreement regarding business strategy would render any of these statements false or misleading; nor is any such reason readily apparent.  Plaintiff's failure to explain why the alleged "misleading statements" are misleading requires dismissal in and of itself.  *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) ("A securities fraud complaint based on misstatements must . . . explain why the statements were fraudulent.").  Moreover, ComScore was under no duty to disclose the strategy dispute; corporations are not required to disclose every internal deliberation—otherwise, issuers would be required to publicize countless disputes and lack flexibility to change strategies.  *See generally Hill v. Gozani*, 638 F.3d 40, 58 (1st Cir. 2011) ("[T]he existence of internal disagreement about strategy is not the kind of fact that must be disclosed to investors.").  The "risk factors" ComScore disclosed during the Class Period also render the alleged omission immaterial as a matter of law.  *See Rombach v. Chang*, 355 F.3d 164, 173 (2d Cir. 2004).  For example, ComScore told investors that "[w]e may encounter difficulties managing our costs, which could adversely affect our results of operations."  Comscore, Inc., Annual Report 16-18 (Form 10-K) (March 1, 2019).

Furthermore, the statements that Plaintiff identifies concerning "leveraging a stronger foundation" and that ComScore's strategy "is working" are puffery—*i.e.*, "[s]tatements of general corporate optimism"—that cannot sustain a 10(b) claim.  *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 392 (2d Cir. 2015).  And, all three alleged false statements are also forward-looking and thereby protected under the PSLRA's "safe harbor."  *See Slayton v. Am. Exp. Co.*, 604 F.3d 758, 766–67 (2d Cir. 2010) (citing 15 U.S.C. § 78u–5(c)).

### 2.    The Complaint Fails to Allege a Strong Inference of Scienter.

To survive a motion to dismiss, the Complaint must plead with particularity facts giving rise to an inference of scienter that is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent."  *Tellabs*, 551 U.S. at 314.  The Complaint's single cursory paragraph on scienter falls well short of this high standard.  *See* Compl. ¶ 77.  Far from pleading with particularity, Plaintiff uses boilerplate language and does not include a single fact suggesting that any Defendant intended to deceive ComScore's shareholders.  *See, e.g.*, *Sjunde AP-Fonden v. Gen. Elec. Co.*, No. 17 Civ. 8457, 2019 WL 4094559, at *15 (S.D.N.Y. Aug. 29, 2019) ("[B]oilerplate allegations that defendants knew or should have known of fraudulent conduct based solely

V&E

on their board membership or executive positions are insufficient to plead scienter") (citations omitted). Nor has Plaintiff alleged any facts showing that the Defendants had both the motive and opportunity to commit fraud or constituting strong circumstantial evidence of conscious misbehavior or recklessness. *See ATSI*, 493 F.3d at 99.

**3.    The Complaint Does Not Plead Loss Causation.**

The Complaint also fails to allege facts establishing a "sufficiently direct" nexus between Plaintiff's "investment loss and the information misstated or concealed." *Vivendi*, 838 F.3d at 261. To the contrary, Plaintiff's loss causation theory makes no sense. The Complaint alleges that the market discovered ComScore's strategy disagreement (*i.e.* the alleged material omissions) on March 31, 2019, when the company announced the resignation of Mr. Weiner. *See* Compl. ¶¶ 44, 73. However, the Complaint links that discovery to declines in stock price occurring as late as *August 2019*. *Id.* at ¶ 76. Furthermore, Plaintiff admits that his alleged losses were caused principally by the Company's failure to meet analyst revenue targets—not by the alleged fraud. *Id.* at ¶¶ 74, 76. Accordingly, the nexus that Plaintiff attempts to plead in the Complaint is too "attenuated" to support liability. *Vivendi*, 838 F.3d at 261.

**<u>Conclusion</u>**

For these reasons, Defendants respectfully request permission to file a motion to dismiss, and accompanying memorandum of law, within thirty days after the Court grants leave to file such a motion.

Respectfully Submitted,

*/s/ Clifford Thau*
Clifford Thau
Marisa Antos-Fallon
David Hoffman
666 Fifth Avenue, 26th Floor
New York, New York 10103
Telephone: (212) 237-0012
Facsimile: (212) 849-5321
Email: cthau@velaw.com

*Attorneys for ComScore, Inc., Bryan Wiener, and Gregory A. Fink*